UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KURT RAUH,                          Case No.: 3:10-cv-00659-HA

        Plaintiff,                    ORDER

v.

COMMISSIONER of Social Security,

        Defendant.

HAGGERTY, District Judge:

On June 6, 2011, this court entered a stipulated Judgment and Order for Remand, which remanded this case to the Commissioner for further proceedings. Following the remand, plaintiff was awarded benefits. Plaintiff's counsel now moves for a fee award totaling $39,324.00, which represents twenty-five percent of plaintiff's retroactive benefits. Defendant does not appear to oppose the motion. Nevertheless, this court has a duty to ensure that the fee award being sought is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

At the outset, the court must address plaintiff's counsel's assertion that this court has no basis to reduce his fee because it will not result in a reduction of plaintiff's benefits. Counsel contends that his fee will not affect the total amount of benefits that plaintiff receives because plaintiff's insurance carrier, The Hartford, is the real recipient of the benefits award. Based on a

1 -- ORDER

letter from The Hartford attached to counsel's memorandum, it appears that plaintiff has been receiving long term disability (LTD) benefits from The Hartford since 2003. Pursuant to plaintiff's Group LTD benefit policy, plaintiff's benefits must be reduced by any social security disability benefits he has been awarded for the same period. Plaintiff is therefore required to reimburse the carrier for any overpayment it made, which The Hartford calculates at $140,840.00. The policy further provides that this reimbursement amount may be reduced by any attorney fees approved by the Commissioner or this court. Accordingly, counsel suggests that this appeal will be essentially free to plaintiff. While this is a new argument from counsel, it does not change the court's analysis.

As the Supreme Court has observed, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808. This guideline for evaluating reasonableness exists no matter who eventually receives the awarded benefits. If plaintiff is ultimately required to turn over a portion of his benefits to his LTD carrier, then The Hartford would be the real party-in-interest who would suffer a loss in its reimbursement if this court awarded counsel the full fee request. The Hartford is not a represented party to this litigation, and therefore has no means to challenge the amount of counsel's fee. Therefore, this court's duty to perform an independent check is equally important in this situation.

## DISCUSSION

After entering a judgment in favor of a Social Security claimant, the court may award a reasonable fee to the claimant's counsel that does not exceed twenty-five percent of the total amount of the past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). A § 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such

2 -- ORDER

an award may not seek any other compensation from the claimant. *Id.* Accordingly, when a court approves both a § 406(b) fee payment and a fee pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, the claimant's attorney must refund to the claimant the smaller amount of the two payments. *Gisbrecht*, 535 U.S. at 796.

Under *Gisbrecht*, the court first examines the contingency fee agreement to determine whether it is within the statutory twenty-five percent cap. Here, plaintiff's counsel and his client executed a fee agreement providing that counsel's fee following a favorable outcome from this court would equal twenty-five percent of any past-due benefits received. This agreement is within the statutory limit.

The next step is to confirm that the fee counsel seeks does not exceed § 406(b)'s twenty-five percent ceiling. Such a determination requires evidence of the retroactive benefits awarded to the claimant. According to the Notice of Award submitted by plaintiff's counsel, it appears that plaintiff received a total retroactive benefits award of $157,296.00. The requested fee in this case represents twenty-five percent of plaintiff's total award.

Lastly, even when the requested fee is within the twenty-five percent boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. This court may reduce a contingent fee in cases in which the attorney provided substandard representation, engaged in dilatory conduct that increased the accrued amount of past-due benefits, or if the benefits were disproportionate to the amount of time spent on the case. *Id.* at 808. In deciding the reasonableness of the fee, the court should consider: (1) the character of the representation; (2) the results achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney will receive an

3 -- ORDER

unwarranted windfall. *Crawford v. Astrue*, 586 F.3d 1142, 1151-53 (9th Cir. 2009). The burden rests with the plaintiff's counsel to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807.

The record in this case provides no basis for a reduction in the requested § 406(b) fee based on the character of counsel's representation, the results achieved, or any delays. Counsel received two extensions for filing the Opening Brief on behalf of plaintiff, but the extensions do not appear to have been intended to improperly delay the case and did not substantially increase the amount of retroactive benefits. Plaintiff's counsel also presented sound arguments in his Opening Brief that prompted the Commissioner to stipulate to a remand for further proceedings. Although counsel achieved a successful result, this fact does not necessarily require a full fee award because "it would make irrelevant the other *Gisbrecht* factors and render perfunctory the trial courts' assigned task of 'making reasonableness determinations in a wide variety of contexts[.]'" *Dunnigan v. Astrue*, No. CV 07-1645-AC, 2009 WL 6067058, *12 (D. Or. Dec. 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 808).

This court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151. In this case, plaintiff's counsel expended 40.7 hours of work and plaintiff recovered a substantial amount of retroactive benefits. This court has recognized that 20-40 hours is a reasonable amount to spend on a social security case that is not particularly difficult. *Harden v. Comm'r Soc. Sec. Admin.*, 497 F. Supp. 2d 1214, 1215-16 (D. Or. 2007). Although counsel's claimed hours are on the high end of the spectrum, this court agrees that this case was riskier than average because plaintiff had been found to be malingering. However, this court acknowledges that counsel did no substantive work after filing the Opening Brief.

4 -- ORDER

Counsel also contends that the average hourly rate for non-contingent cases in Oregon is approximately $280 per hour, and that his non-contingent hourly rate for consultant work is $375 per hour. This court considers this information merely "as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement . . . ." *Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1155.

After considering all of these circumstances, this court concludes that a fee reduction is necessary to prevent an unwarranted windfall to counsel based on the significant amount of benefits in comparison to the amount of work performed. *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). Based on the record, the briefing presented, and the hours claimed by counsel, this court concludes that counsel has made an adequate showing that a fee award representing thirteen percent of plaintiff's retroactive benefits is reasonable. This fee will reasonably compensate counsel for his work on this case, and will prevent a disproportionate and unwarranted windfall to counsel.

## CONCLUSION

For the reasons stated, plaintiff's counsel's Motion for Attorney Fees [28] is granted in part. Counsel is entitled to $20,448.48 in § 406(b) fees, representing thirteen percent of plaintiff's retroactive benefits recovery. Counsel's previous EAJA fee award of $7,000.00 shall be deducted from his § 406(b) award, *see Gisbrecht*, 535 U.S. at 796, giving counsel a net award of $13,448.48.

IT IS SO ORDERED.

DATED this 23 day of May, 2012.

Ancer L. Haggerty
United States District Judge